## M. W. Cockrum, Appellant, v. Theodore C. Keller, Appellee.

FRAUD—*special interrogatory.* Where action is brought for alleged fraud in representing to the plaintiff that a core taken from his land by a drill showed that the coal thereunder contained a parting of foreign substances, when in fact a stratum over eight feet thick, practically free of foreign matter, existed, an answer to a special interrogatory as to thickness of the impurities in the coal as shown by the core taken by drilling, which stated that the thickness was seven inches, is not inconsistent with a general verdict for the plaintiff since the question will be held to refer to the core which the defendant represented came from the land.

Appeal from the Circuit Court of Franklin county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded with directions. Opinion filed October 31, 1912.

DILLION & STRICKLAND and LAYMAN & JOHNSON, for appellant.

WILLIAM H. HART, W. F. SPILLER and UNDERWOOD & SMYSER, for appellee; CHARLES R. YOUNG, of counsel.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellant brought this suit against appellee for damages, charging fraud and deceit in connection with the sale of certain coal interests.

The three counts of the declaration stated in substance that appellant, in June, 1905, was the owner of some 300 acres of coal and mineral lands in Franklin county and that appellee was a coal operator, desiring to buy the coal, mineral and gas underlying the same and certain lands contiguous thereto; that in order to ascertain the quality of the underlying mineral, appellee secured permission to drill a test-well upon his land and also upon two adjoining tracts; that appellee did go upon said lands and drill three

prospect holes and secured three cores of coal, which demonstrated that said coal field contained a stratum of coal of eight feet six inches in thickness, practically free from foreign or faulty substance and of extra fine quality; that appellee showed appellant three cores of coal underlying the premises of the latter containing a parting of slate, rock or other foreign substance and representing to appellant that the stratum of coal underlying the premises of the latter, contained a parting of rock, slate or other foreign substance, and was therefore practically worthless; that said representations of appellant, as to said partings of rock, slate and other foreign substances, were untrue and were falsely and fraudulently made for the purpose of deceiving and defrauding appellant; that the stratum of coal so underlying the premises of appellant did not contain said parting of slate, rock or other foreign substances; that said parting contained in said cores of coal as exhibited was fraudulently placed there by appellee or his agent at his request; that appellant did not know that the representations of appellee as aforesaid were false, but relying upon the truth of the same, conveyed to appellee the coal, oil, gas and other minerals underlying said premises for the sum of $7.50 per acre to the damage of appellant of $16,000.00.

It appears from the proofs that appellee engaged the Sullivan Machinery Company to drill the prospect hole for him on appellant's land and coal was struck on the evening of September 26, 1905; that the drilling proceeded for a time on the same evening after coal was struck and some three feet of the coal core was then removed from the core barrel, and the drill and the core barrel placed back in the prospect hole the drill shut down; that after it was ascertained coal had been struck, a controversy arose between certain parties interested in the enterprise as to who should be present to see the rest of the coal core taken from the ground; that after discussion, extending over some

12 or 15 hours, the remaining portion of the coal core was taken out and put in a box that had been prepared for that purpose with the three feet of core which had been taken out the day before; that it was then discovered that the core contained in the box, which was nine feet one inch in length, contained a parting or fault of slate, seven inches in width; that appellee declared the parting of slate made the coal practically worthless for mining purposes, but that he afterwards purchased the same for the amount above named.

Appellant claims he subsequently discovered that the parting of slate had been placed in the core by appellee, or under his direction, after the first three feet had been taken out and before the balance of the core was removed from the prospect hole and placed in the box, but this was denied by appellee. It is unnecessary to make a further statement of the evidence or to discuss the same, for the reason that there are other matters which must control in the disposition of the case in this court.

Upon the trial the court instructed the jury that in addition to a general verdict they should return special findings upon ten questions of fact submitted to them. They found a general verdict in favor of appellant, and assessed his damages at $3800.00. They also answered all of the special interrogatories submitted to them on behalf of appellee. Appellee thereupon entered a motion for judgment in its behalf and against appellant for costs on the special findings of fact, which motion was sustained by the court, and judgment was entered upon said special findings in favor of the appellee and against the appellant for costs.

Section 79 chapter 110 of our Revised Statutes provides in regard to special finding of fact that "When the special finding of fact is inconsistent with the general verdict, the former shall control the latter and the court may render judgment accordingly," and the action of the court in entering judgment against

appellant, notwithstanding the general verdict of the jury in his favor, was based upon this statute.

Special findings Nos. 1, 2, 4 and 5 related to the thickness of the coal vein underlying the premises of appellant, both as a matter of fact and as shown by the drilling of the hole, the answers being that there were nine feet of coal and one inch of foreign substances. The jury in answer to interrogatories 6, 7 and 8 found that appellee had not personally tampered with or changed the core taken out by the drilling on the land of appellant, but that he had personally directed or authorized it to be done and that he had made false statements concerning the coal underlying the land. Interrogatories 9 and 10 related to the original contract in writing between appellant and appellee, and the jury found the parties had entered into said contract under seal and had carried out the terms of the same. All of the interrogatories above referred to, appear, and are in effect conceded by the parties, to be in harmony with the general verdict rendered by the jury in favor of appellant. Special interrogatory 3 presented to the jury was as follows: "What thickness, if any of impurities, blue band, rock, mining fault, dirt or other foreign substance do you find exists within said coal, as shown by the core, taken from the land of plaintiff by drilling thereon?" and the answer of the jury to the same was, "Seven inches."

It is said by appellee that the sole question, upon which the court permitted the case to go to the jury, was as to whether the coal core taken from the drill had been "Stuffed" or in other words, whether a part of the coal core had been removed and a parting of slate inserted for the purpose of making it appear that the stratum of coal contained a thicker or larger layer of foreign substance than really belonged there, and he asserts that the answer to this interrogatory negatives appellant's ground of action and is inconsistent with the general verdict of the jury. His claim is that the jury mean by their answer to find that the

parting of seven inches of impurities was what actually existed in the vein of coal as it lay in the ground and was actually removed with the coal, surrounding it from the core barrel, as it came from the drill untouched by any person.

Appellant, on the contrary, asserts that, by their answer to said interrogatory, the jury intended to and did find that there was seven inches of impurities in the core after it had been placed in the box and was exhibited to appellant and others.

We do not intend to intimate that even if the question and answer referred to could be held to bear the construction placed upon it by appellee, that taking into consideration all the other answers to the special interrogatories the court below would have been justified in entering judgment against the general verdict solely by reason of the answer given to this interrogatory. But apart from that question, we are of opinion that the question and answer plainly bear the construction placed upon them by appellant. The question requires the jury to find the thickness of the impurities which existed within the coal "as shown by the core taken from the land of plaintiff by drilling thereon." This seems to us to refer to the core, as it appeared in the box, after having been taken from the land and was shown to the parties interested, and such, judging by the general verdict and the answers given to the other special interrogatories, was plainly the construction put upon the question by the jury. The special finding No. 3 was, therefore, not inconsistent with the general verdict and the court below erred in entering judgment upon the special finding of fact in favor of appellee and against appellant for costs.

The judgment will be reversed and the cause remanded, with directions to the court below, to enter judgment in favor of appellant upon the general verdict for the sum of thirty-eight hundred dollars, together with the cost.

*Reversed and remanded with directions.*